**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSEPH MILLER LANKFORD, | No. 24-6116 |
| Petitioner - Appellant, | |
| v. | D.C. No. 2:15-cv-01118-JE |
| JAMIE MILLER, Superintendent, | |
| Respondent - Appellee. | MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Amy M. Baggio, District Judge, Presiding

Argued and Submitted December 2, 2025
Portland, Oregon

Before: McKEOWN and SUNG, Circuit Judges and FITZWATER, District Judge.[**]

Petitioner-Appellant Joseph Lankford ("Lankford"), convicted in Oregon circuit court of murder with a firearm, appeals the district court's denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254, alleging that his trial counsel's ineffective assistance deprived him of his right to counsel under the Sixth

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

Amendment, as interpreted by the Supreme Court of the United States in *Strickland v. Washington*, 466 U.S. 668 (1984). The Oregon post-conviction court and the Court of Appeals of the State of Oregon ("state court of appeals") concluded that Lankford was not prejudiced by his trial counsel's failure to introduce evidence of his consumption of the drug diazepam (known by its brand name Valium). The district court denied federal habeas relief. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we affirm.

1. We review *de novo* the district court's denial of Lankford's petition for a writ of habeas corpus. *Cheney v. Washington*, 614 F.3d 987, 993 (9th Cir. 2010).[1] We review the last reasoned decision by the state court addressing his claim (here, the decision of the state court of appeals). *Id.* at 995. Because Lankford's ineffective assistance of counsel claim was adjudicated on the merits in state court, we may grant Lankford's petition only if the state court of appeals' decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State

---

[1] Even so, we are not persuaded by Lankford's contention that the district court applied an incorrect level of deference to the state court of appeals' decision.

court proceeding." Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2254(d).

2. The state court of appeals' decision was not contrary to the clearly established law set forth in *Strickland*. To satisfy *Strickland*'s prejudice standard, a petitioner must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Accordingly, the state court of appeals properly placed the burden on Lankford to show a reasonable likelihood that the introduction of the evidence of his diazepam consumption would have altered the outcome of his suppression hearing or trial. In concluding that Lankford's claim failed because there was only a mere possibility of a different outcome, the state court of appeals applied the correct *Strickland* prejudice standard. *See Harrington v. Richter*, 562 U.S. 86, 112 (2011) (finding "a theoretical possibility" insufficient to establish prejudice); *Boyer v. Chappell*, 793 F.3d 1092, 1104 (9th Cir. 2015) ("A substantial likelihood of a different result, as opposed to a mere conceivable possibility, is required.").

3. Nor did the state court of appeals' decision involve an unreasonable application of *Strickland*.

First, the state court of appeals reasonably applied *Strickland* in concluding that Lankford was not prejudiced at his suppression hearing. In determining that

- 3 -

Lankford's *Miranda* waiver was valid, the trial court was aware that Lankford was intoxicated. But the trial judge's decision not to suppress Lankford's statements to police relied on his observations that Lankford—despite being intoxicated—was able to communicate coherently, respond appropriately to questions, estimate his own blood alcohol content ("BAC") with precision, and acknowledge his *Miranda* rights. Therefore, although the omitted diazepam evidence may have supported the finding that Lankford was even more intoxicated than his BAC reflected, the state court of appeals reasonably concluded that this evidence was not reasonably likely to have changed the trial court's suppression decision. *See Shackleford v. Hubbard*, 234 F.3d 1072, 1080-81 (9th Cir. 2000) (concluding that omitted evidence of drug use, *inter alia*, was insufficient to establish *Strickland* prejudice at a suppression hearing where the trial court relied on the petitioner's ability to ask lucid questions, coherent and articulate communication, and awareness of "the nature" of his *Miranda* rights).

Second, the state court of appeals reasonably determined that the evidence of Lankford's intent presented at trial was so significant that the diazepam evidence was not reasonably likely to have altered the jury verdict. *See Harrington*, 562 U.S. at 112-113 (concluding that it was reasonable for the state court to find that trial counsel's omission of evidence did not cause prejudice, in part due to the strength of the prosecution's evidence). The jury was aware of the possibility that Lankford had

- 4 -

consumed diazepam and heard testimony from Dr. Robert Julien ("Dr. Julien") about the potential effects of diazepam on Lankford's mental state, including fragmentary or complete blackouts. Lankford contends that, with the knowledge that Lankford had consumed diazepam, Dr. Julien would have been able to conclusively apply his opinions to Lankford rather than present them as hypotheticals. Even so, Dr. Julien's post-trial affidavit does not state that he would have testified that Lankford was unable to form the necessary intent to commit murder or that Lankford demonstrated any signs of a blackout. Accordingly, the state court of appeals reasonably concluded that Dr. Julien's new testimony would give rise only to speculative inferences that Lankford lacked intent and was therefore insufficient to establish prejudice. *See Bemore v. Chappell*, 788 F.3d 1151, 1170 (9th Cir. 2015) (concluding that expert testimony was insufficient to establish prejudice because it only "*gave rise* to the guilt-phase defense of whether [the petitioner] was able to form the requisite intent" (emphasis in original)).

Finally, the state court of appeals' decision was not based on an unreasonable determination of fact. The state court of appeals did not, as Lankford asserts, conclude that the trial judge could appreciate the effects of diazepam on Lankford without evidence that he had consumed the drug or testimony about its effects. Rather,

the state court of appeals concluded that such evidence and testimony were not reasonably likely to have altered the trial court's suppression decision.

Because Lankford has failed to demonstrate his entitlement to habeas relief, we affirm the judgment of the district court.

**AFFIRMED**.